ACISCLO MEJÍAS, Plaintiff and Appellee-Appellant, v. JOSÉ R. VÉLEZ, Defendant and Appellant-Appellee.

Nos. 5679 and 5742.  Argued March 10, 1932.—Decided April 8, 1932.

*F. A. González Suárez* for appellant. *M. Figueroa del Rosario* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

On September 11, 1930, Acisclo Mejías brought an action in the Municipal Court of San Sebastián, against José R. Vélez and others for recovery of the amount due on seven promissory notes. Each of these notes was, upon its face, a joint and several obligation. Vélez did not appear in the municipal court and, on October 10, 1930, a judgment by default was entered. On October 16, he appealed from this judgment. Later he moved to have the case placed on the calendar of the district court. This was the only step taken by him in that court prior to the date of the trial.

On January 19, 1931, the case was called and both parties announced that they were ready for trial. Plaintiff then moved to dismiss the appeal. Defendant objected, and after argument, the objection was sustained. Then after some discussion of another matter, the district judge asked counsel for defendant a question concerning the merits of the motion. Counsel for defendant answered that he had no objection to a discussion of the motion on its merits. After some further discussion, the motion was overruled.

Defendant then applied for leave to file his answer. Plaintiff objected and the district judge refused to permit the filing of the answer. The trial proceeded and resulted in a judgment for plaintiff. Defendant appeals and says that the district court erred and abused its discretion in refusing to permit the filing of the answer.

The proposed answer admitted the making and delivery of the notes in the form, manner, and terms set forth in the complaint, but set up as an affirmative defense that, as to the defendant Vélez, the said obligations were without force and effect and that he was not liable thereon either as surety or as several obligor or otherwise, because on the day fol-

lowing the execution and delivery of the notes, the said Vélez (who was mere surety of Alfonso Ruiz, another defendant) for the purpose of withdrawing his name as surety, visited plaintiff; that plaintiff assented, relieving the said Vélez from all further responsibility; that plaintiff agreed to make a new arrangement with the other signers of the notes, either to make a new contract with them or to accept new notes with another signature, or to accept, without considering the signature of Vélez, the notes already executed, and that, to the great surprise of Vélez, plaintiff (in violation of his said agreement, taking advantage of the fact that Vélez was solvent and that he, confiding in plaintiff, had neglected to erase or cross out his signature) was now trying to collect from Vélez the debt of his codefendants.

The answer was not verified nor accompanied by any affidavit of merits, nor by any explanation whatever as to why it had not been previously filed. The copy before us is dated January 19, 1930. If that date be correct, the pleading was drafted one year before the date of the trial in the district court and some eight months before the filing of the complaint in the municipal court. If on the other hand we assume that the year 1930 was a clerical error and that the year 1931 was intended, then the answer was prepared on the same day that the case was called for trial in the district court.

The district judge, in view of the unexplained delay in preparing and presenting this proposed answer, in view of the admissions contained therein, and in view of the nature of the affirmative averments did not abuse his discretion in refusing leave to file the same.

Plaintiff also appeals from the judgment in his favor and submits that the court below erred in overruling the motion to dismiss and in not dismissing the appeal from the judgment of the municipal court. The argument is plausible enough but there is much that might be said on the other side of the question and we are not convinced that the appeal

should have been dismissed. In view of the conclusion already reached in considering the appeal perfected by defendant, we do not deem it necessary now to discuss the merits of plaintiff's appeal.

The judgment of the district court must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.